UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| **RAIL SWITCHING SERVICES, INC.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:13-CV-34 SNLJ |
| | ) | |
| **MARQUIS-MISSOURI TERMINAL, LLC,** | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the file following assignment to the undersigned. The Eight Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987). "In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006). "A plaintiff who seeks to invoke diversity jurisdiction of the federal courts must plead citizenship distinctly and affirmatively." 15 James Wm. Moore, et al., *Moore's Federal Practice* § 102.31 (3d ed. 2010).

The Complaint in this case asserts that the Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332 because the lawsuit is between citizens of different States and the matter in controversy exceeds the sum of $75,000. The Complaint alleges that plaintiff Rail Switching Services, Inc. is an Iowa corporation with its principal place of business in Peoria, Illinois. It further alleges that defendant Marquis-Missouri Terminal, LLC is a limited liability company organized under the Missouri Limited Liability Company Act. These allegations are insufficient for the Court to determine whether it has diversity jurisdiction over this matter.

The defendant limited liability company's citizenship here has been addressed like that of a corporation, which is a citizen of its state of organization and its principal place of business. *See* 28 U.S.C. §§ 1332(a), (c)(1); *Sanders*, 823 F.2d at 215 n.1. However, the Eighth Circuit has held that limited liability companies are citizens of every state of which any member is a citizen. *See GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004). Thus, for defendant Marquis-Missouri Terminal, LLC, the Court must examine the citizenship of each member of the limited liability company to determine whether diversity jurisdiction exists. The Complaint contains no allegations concerning the members of Marquis-Missouri Terminal, LLC, or their citizenship.

The Court will grant plaintiff twenty-one (21) days to file an amended complaint which alleges facts showing the existence of the requisite diversity of citizenship of the parties. If plaintiff fails to timely and fully comply with this Order, the Court will dismiss this matter without prejudice for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that, by March 28, 2013, plaintiff shall file an amended complaint which shall allege facts establishing the citizenship of each of the defendant LLC's members.

**IT IS FURTHER ORDERED** that if plaintiff does not timely and fully comply with this order, this matter will be dismissed for lack of subject matter jurisdiction.

Dated this   7th   day of March, 2013.

UNITED STATES DISTRICT JUDGE